May 3, 1996 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

  

No. 95-2276

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 FARRELL SUTHERLAND,

 Defendant, Appellant.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge] 

  

 Before

 Cyr, Boudin and Lynch,

 Circuit Judges. 

  

 Robert A. Levine, with whom Law Offices of Robert A. Levine was 
on brief for appellant.
 F. Mark Terison, Assistant United States Attorney, with whom Jay 
P. McCloskey, United States Attorney, was on brief for appellee. 

  

  

 Per Curiam. Defendant Farrell Sutherland, who entered Per Curiam. 

conditional guilty pleas to two bank robbery charges, see 18 

U.S.C. 2113(a), appeals the adverse suppression rulings upon

which his pleas were conditioned. See Fed. R. Crim. P. 11(a)(2). 

We affirm.

 Sutherland claims that the police did not have probable

cause to arrest him on March 18, 1995, after stopping the taxi in

which he and a female companion were traveling to Massachusetts

following a bank robbery in Portland, Maine. The district court

made supportable findings that: (i) the bank robbery investiga-

tion had focused on the passengers in this particular taxi

because bank surveillance photographs, and an eyewitness report,

revealed that Sutherland had committed two bank robberies in

Portland, the most recent having been at 9:00 a.m. the same

morning; (ii) an ABC taxi had been dispatched to Sutherland's

Portland residence around 11:00 a.m. to transport Sutherland 

and a female companion suspected of assisting him in an earlier

Portland bank robbery to Lynn, Massachusetts; and (iii) the

Portland police had notified the Massachusetts State Police

("MSP") to stop the taxi, and provided a specific physical

description of Sutherland, including items of his clothing (grey

or white sweatshirt and black leather jacket), together with the

information that he had obtained $2,460 in $20 bills from the

bank robbery earlier that day. 

 Upon stopping the taxi, which contained two passengers,

a male and a female, the MSP observed a black leather jacket and

 2

a grey sweatshirt inside the vehicle. The male passenger matched

the physical description provided by the Portland police.1 

 We review the district court's factual findings for

clear error, see United States v. Martinez-Molina, 64 F.3d 719, 

726 (1st Cir. 1995), whereas its ultimate legal determination as

to whether a given set of facts established probable cause is

subject to plenary review, see United States v. Zapata, 18 F.3d 

971, 975 (1st Cir. 1994). There is probable cause for a warrant-

less arrest if "the facts and circumstances within [the offi-

cer[s']] knowledge and of which [they] had reasonably trustworthy

information were sufficient to warrant a prudent [person] in

believing that the [defendant] had committed . . . an offense."

Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 349 

(1st Cir. 1995) (some brackets in original). These findings were

sufficient to support the district court's "probable cause"

ruling.2 

 Sutherland next claims that his post-Miranda confession 
  

 1Furthermore, after the two passengers were removed from the
vehicle, the female immediately consented to a search of her
purse, which was found to contain $2,300 in $20 bills. As the
district court considered the evidence seized from the purse in
arriving at its probable cause determination, it implicitly found
that the consensual search preceded Sutherland's arrest. We find
no clear error. See United States v. Martinez-Molina, 64 F.3d 
719, 726 (1st Cir. 1995). 

 2Appellant vigorously insists that the search of his person
which occurred at roadside, after the police pulled down his
trousers to inhibit his movement, invalidated his warrantless
arrest. We have been presented with no reasoned basis for
concluding that a brief roadside protective search for weapons,
see Terry v. Ohio, 392 U.S. 1, 26 (1968), undermined the arrest 
itself, particularly since the roadside search disclosed no 
evidence. 

 3

was involuntary, since he was undergoing heroin withdrawal at the

time, such that a promise the police made to provide him with

methadone treatment was tantamount to coercion. An unimpeachable

district court finding conclusively undermines the involuntari-

ness claim. After hearing conflicting testimony as to whether

Sutherland had been promised methadone treatments, the court

accepted the version provided by the police. Thus, there can

have been no clear error. United States v. Valle, 72 F.3d 210, 

214 (1st Cir. 1995) (trial judge's credibility choice between two

plausible versions of the events cannot be clearly erroneous). 

 Affirmed. Affirmed 

 4